FILED
CLERK

8/6/2019 1:56 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WEWEN TANG,

                Plaintiff,

   -against-

TOBIKO RESTAURANT, INC., et al.,

                Defendants.
---------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-7443 (JMA)(AKT)

**JOAN M. AZRACK, United States District Judge:**

      This action was commenced by the plaintiff, through counsel, on December 29, 2018. The defendants never appeared. On May 23, 2019, plaintiff's counsel filed a letter request for a hearing, indicating that when he contacted plaintiff to obtain information to move for default, plaintiff stated that he did not wish to pursue the case anymore because he was "under immense pressure." (ECF No. 15.) Counsel speculated, without any proof, that the defendants had pressured plaintiff to drop the case. (Id.) The Court scheduled a hearing for June 19, 2019, and directed all parties, including the individual defendants, authorized representatives of the corporate defendants, and plaintiff, together with counsel, to appear. (See Electronic Order, June 6, 2019). Only plaintiff's counsel appeared at the conference, though he confirmed that he had informed his client of the conference and that the Court had ordered him to appear. (ECF No. 22.) Counsel provided no evidence that the defendants in any way pressured plaintiff to drop the case.

      Accordingly, the Court issued an order on the record, reflected in the minute entry, warning that "[i]f the individual plaintiff does not contact the Court by 7/19/2019, and indicate that he intends to prosecute this case, the case will be dismissed without prejudice for failure to prosecute." (Id.) Plaintiff's attorney was directed to serve a copy of the minute entry on plaintiff, which is

confirmed by a certificate of service filed on the docket. (ECF No. 23.) To date, neither plaintiff, nor plaintiff's counsel, has contacted the Court regarding this case.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. <u>Shannon v. G.E. Co.</u>, 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. <u>Id.</u>

Plaintiff has not complied with the Court's order or communicated with the Court since the June 19, 2019 hearing. The Court warned plaintiff that failure to comply would result in the dismissal of the case. Accordingly, plaintiff's failure to comply with this Court's order constitutes grounds for dismissal and his claims are dismissed, without prejudice, for failure to prosecute and noncompliance.

**SO ORDERED.**

Date: August 6, 2019                          /s/ (JMA)
       Central Islip, New York             JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE